# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORBERTO MIRANDA-VALDEZ,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CASE NO. 14cv365-MMA (PCL)<br><br>**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND FAILING TO MOVE TO PROCEED *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915(a)**<br><br>[Doc. No. 1] |

On February 14, 2014, *pro se* inmate Norberto Miranda-Valdez ("Plaintiff") filed a Motion for Return of Property Pursuant to Rule 41(g) ("Motion for Return of Property"). Specifically, Plaintiff seeks the return of a 1994 Nissan Sentra, a personal wallet, jewelry, keys, and two cellular phones. The Court has construed the Motion for Return of Property as a civil complaint.[1] All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an

---

[1] Plaintiff initiated this action using the standard complaint form used in 42 U.S.C. § 1983 cases. However, the substance of Plaintiff's pleading demonstrates that he in fact seeks return of property pursuant to Rule 41(g), and does not intend to state a claim under § 1983. Because Plaintiff's underlying criminal case is no longer pending, the Motion for Return of Property is construed as a civil complaint seeking equitable relief, and subject to the Federal Rules of Civil Procedure. *See United States v. Ritchie*, 342 F.3d 903, 906 (9th Cir. 2003) ("If a Rule 41[(g)] motion is filed when no criminal proceeding is pending, the motion is treated as a civil complaint seeking equitable relief."); *United States v. Ibrahim*, 522 F.3d 1003, 1007 (9th Cir. 2008) (finding that when no criminal case is pending, a Rule 41(g) motion is governed by the Federal Rules of Civil Procedure).

1 application for writ of habeas corpus, must pay a filing fee of $400.[2] *See* 28 U.S.C.
2 § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire
3 fee only if the plaintiff requests and is granted leave to proceed *in forma pauperis*
4 pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th
5 Cir. 1999).  Here, Plaintiff has not prepaid the $400 filing fee required to commence
6 a civil action, nor has he submitted a Motion to Proceed *in forma pauperis*.
7 Therefore, the case must be dismissed pursuant to 28 U.S.C. § 1914(a).
8 Accordingly, the Court hereby:
9     (1)    **DISMISSES** this action *sua sponte* without prejudice for failing to pay
10 the $400 filing fee or file a Motion to Proceed *In Forma Pauperis* pursuant to 28
11 U.S.C. §§ 1914(a) and 1915(a); and
12     (2)    **GRANTS** Plaintiff forty five (45) days leave from the date this Order is
13 filed to: (a) prepay the entire $400 civil filing fee in full; or (b) complete and file a
14 Motion to Proceed IFP which includes a certified copy of his trust account statement
15 for the 6-month period preceding the filing of his Complaint.[3]  *See* 28 U.S.C. §
16 1915(a)(2); S.D. Cal. Civ.L.R. 3.2(b).
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /

---

[2] In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule) (eff. May 1, 2013).  However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP. *Id.*

[3] Plaintiff is cautioned that if he chooses to proceed further with this action either by paying the full civil filing fee required by 28 U.S.C. § 1914(a), or moving to proceed *in forma pauperis*, his complaint will be screened and may be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(b).  *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim).

1 **IT IS FURTHER ORDERED** that the Clerk of the Court shall provide Plaintiff with this Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*." If Plaintiff fails to either prepay the $400 civil filing fee or complete and submit the enclosed Motion to Proceed *In Forma Pauperis* within the specified amount of time, this action shall remain dismissed without prejudice and without further Order of the Court.

**IT IS SO ORDERED**.

DATED: February 27, 2014

*[signature]*

Hon. Michael M. Anello
United States District Judge